UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTO L.,<br><br>              Plaintiff,<br><br>     vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>              Defendant. | CASE NO. CV 19-10043-JWH (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

     Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge, Plaintiff's objections, and the Commissioner's response.  Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been filed.  The Court accepts the Report's findings and recommendations.

     The Administrative Law Judge's ("ALJ") relied on the state agency physician's opinion that Plaintiff's severely limited grip strength on examination by Dr. Schwartz, the examining physician, would not be possible unless Plaintiff failed to give full effort in light of Plaintiff's normal electromyography (EMG) and nerve conduction study

(NCS) test results.[1]  (Report at 10; Administrative Record ("AR") 21, 81, 265-66.)

In his objections, Plaintiff argues that "[g]rip strength measurements are generally not viewed as subjective testing that can be manipulated, but rather as an objective tool with built in safe guards to avoid such gaming of the measurements as alleged by Dr. Ha[a]land and the ALJ." (Obj. at 2:16-19.)  Plaintiff does not cite the record to support his argument and instead cites an article on the NIH website that describes grip strength testing.  Another article on the NIH website comments that "[s]uch measurements may be compromised by an insincere effort (faking) by the subject."  Abstract, Assessing Sincerity of Effort in Maximal Grip Strength Tests, https://pubmed.ncbi.nlm.nih.gov/2363907 (June 1990).  Plaintiff's argument is not a proper subject of judicial notice.  Fed. R. Evid. 201.  The ALJ's decision is supported by substantial evidence.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (non-examining physician's opinion may constitute substantial evidence when it is supported by other evidence in record and consistent with it); see also Ray v. Berryhill, 699 Fed. Appx. 699-700 (9th Cir. 2017).

IT IS ORDERED that the decision of Commissioner is affirmed and Judgment is entered for the defendant, the Commissioner of Social Security Administration.

DATED: March 7, 2022

JOHN W. HOLCOMB
United States District Judge

---

[1] Dr. Schwartz's report does not mention the EMG and NCS test results or otherwise indicate that he reviewed those results.  AR 570, 572.  Dr. Haaland opined that: "This is impossible unless [he] does not give full effort.  He could not have that type of weakness w/ a normal EMG/NCV.  Note that he had pain w/ all motions of his UEs which is not credible."  AR 81.